Robert I. Williamson, Esq. County Attorney, Tompkins County
You inquire whether the deputy sheriffs appointed by the sheriff of Tompkins County to protect the grounds and property of Cornell University are peace officers or police officers.
You suggest that the authority for appointment of the deputy sheriffs is County Law, § 652 which authorizes the sheriff to appoint "regular deputy sheriffs". Tompkins County has implemented section 652 by a resolution authorizing the sheriff to apoint "as regular deputy sheriffs members of the Cornell University Safety Division". It is our understanding that the deputies are recommended by the university and once appointed by the sheriff, are employed by and are under the supervision and control of the university.
Section 652 of the County Law authorizes the sheriff to appoint within the limits of the appropriation as many deputy sheriffs as he deems proper (not exceeding one per three thousand inhabitants unless authorized by the board of supervisors). The sheriff is also authorized to employ part-time deputies as needed within the limits of the appropriation to be paid a salary or on a per diem basis as determined by the board of supervisors (County Law, § 653). In emergencies the sheriff may deputize as many special deputies as is necessary to protect human life and property (County Law, § 655). If it is necessary to compensate special deputies to continue their services, the sheriff may pay them for services rendered as determined by the board of supervisors or should the board fail to fix the compensation, no more than three dollars per hour (County Law, § 655). The compensation of special deputies is a county charge (County Law, § 655).
Sections 652, 653 and 655 authorize the appointment of three types of deputies to be employed and compensated by the county. There is no authority in any of these sections for the sheriff to appoint at the request of Cornell University regular deputy sheriffs to be employed by and under the supervision and control of the university. The only basis for this arrangement is Education Law, § 5709 (referred to in § 5709 as "special deputies" as compared to "regular deputies" in County Law, § 652).
We conclude that Education Law, § 5709 is the authority for the appointment of the "special deputy sheriffs". Its terms specifically authorize the existing arrangement between the county and the university and without it the arrangement could not legally exist.
Education Law, § 5709 as amended by section 169 of chapter 843 of the Laws of 1980, provides that the special deputies appointed by the Tompkins County sheriff have the powers of "peace officers" as set forth in section 2.20 of the Criminal Procedure Law. Section 2.20 was added by section 2 of chapter 843 of the Laws of 1980, also referred to as the Uniform Peace Officers Bill.
Section 2 of chapter 843, among other things, consolidates all peace officer designations in the laws of the State into section 2.10
of the Criminal Procedure Law. Most notably, regarding your inquiry, the designation of police officers as peace officers was not carried over into section 2.10 (formerly listed as subdivision 33 (a) of section1.20 of the Criminal Procedure Law). Instead the terms peace officers and police officers are established as distinct and mutually exclusive categories. The intent was to clarify the different powers possessed by each group. In referring to former subdivision 33 (a) of section 1.20, the memorandum in support of Assembly 11557 stated:
 "This is another source of ambiguity and confusion. Peace officers and police officers possess different law enforcement powers of arrest, search, etc. In fact, the term "police officer' was intended to denote officials with primary and general law enforcement obligations, while the term `peace officer' was to refer to persons with more specialized law enforcement responsibilities confined to a specific locale or criminal activity (R. Denzer, CPL 1.20, Practice Commentary, pp. 23, 24, McKinney [1971]. The fact that `police officers' are also `peace officers' has caused this fundamental distinction to become blurred."
Chapter 843 makes conforming amendments throughout the laws of the State to distinguish the powers of peace officers and police officers (see for example amendment to Criminal Procedure Law, §140.25).
The special deputy sheriffs appointed pursuant to Education Law, §5709 are designated as peace officers (Criminal Procedure Law, § 2.10 [42] as added by chapter 843). We believe that the legislative intent is clear that special deputy sheriffs appointed pursuant to Education Law, § 5709 are peace officers and are not police officers.
We conclude that special deputy sheriffs appointed by the sheriff of Tompkins County to protect the grounds and property of Cornell University are peace officers and not police officers.